UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CYTOLOGIC, INC.,
2401 Research Boulevard, Suite 205
Fort Collins, CO 80526

and

COLORADO STATE UNIVERSITY
RESEARCH FOUNDATION
601 S. Howes, Room 410,
Fort Collins, Co 80521

    Plaintiffs,

v.

BIOPHERESIS GMBH, and
BIOPHERESIS TECHNOLOGIES, INC.

    Defendants.

Civ. No.

## COMPLAINT UNDER 35 U.S.C. § 146

Plaintiffs CytoLogic, Inc., ("CytoLogic") and Colorado State University Research Foundation ("CSURF") for their Complaint against Biopheresis GmbH and Biopheresis Technologies, Inc. (collectively "Biopheresis") state as follows:

## NATURE OF THE ACTION

1. This is an action to remedy the decisions and Judgment of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office, as provided for by 35 U.S.C. § 146. The interference proceeding relevant to this action is Interference No. 105,413 (the "Interference"). The Interference was between U.S. Patent

Application Serial No. 09/709,045 ("the '045 Application") and U.S. Patent No. 6,379,708 ("the '708 Patent").

## THE PARTIES

2. CytoLogic is a Colorado corporation with its principal place of business in Fort Collins, Colorado.

3. CSURF is a Colorado corporation with its principal place of business in Fort Collins, Colorado.

4. Upon information and belief, Biopheresis GmbH is a company incorporated in Germany, with a principal place of business in Heidelberg, Germany. Biopheresis GmbH is a wholly owned operating company of Biopheresis Technologies, Inc.

5. Upon information and belief, Biopheresis Technologies, Inc. is a Delaware corporation, with a principal place of business in Apex, North Carolina.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is based on 35 U.S.C. § 146 and 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this district pursuant to 35 U.S.C. § 146 and 28 U.S.C. §§ 1391(b) and (c).

8. The '708 Patent was originally assigned jointly to plaintiff CSURF and CytoLogic, LLC.

9. CytoLogic, LLC was the exclusive license of the joint ownership interest of CSURF in the '708 Patent.

10. On December 31, 2003, CytoLogic LLC assigned its entire right title and interest in the '708 Patent to Plaintiff CytoLogic, Inc., including the joint ownership interest of CytoLogic LLC in the '708 Patent and the exclusive license rights to the '708 Patent obtained by CytoLogic LLC from CSURF.

11. On January 12, 2006, the Board on behalf of the United States Patent and Trademark Office issued a Declaration of Interference, declaring the Interference under 35 U.S.C. § 135(a) between the '045 Application and the '708 Patent.

12. Both CSURF and CytoLogic, Inc. were the real parties in interest to the Interference with respect to the '708 Patent.

13. Defendant Biopheresis GmbH was identified as the real party in interest to the Interference with respect to the '045 Application.

14. Biopheresis Technologies, Inc. was identified by the Board as the assignee of the '045 Application.

## FACTS GIVING RISE TO THE COMPLAINT

15. The Declaration of Interference set forth a single count, which defines the invention contested in the Interference. The count consisted of claim 23 of the '045 Application and claim 1 of the '708 Patent. Claims 23-41 of the '045 Application and Claims 1-44 of the '708 Patent were indicated in the Declaration of Interference as corresponding to the count.

16. The '708 Patent was filed on November 20, 1999 as U.S. Patent Application Serial No. 09/944,144 and names Mark Douglas Howell, Cheryl Lynn Selinsky and Leland Charles Leber as the inventors.

17. The '045 Application was filed on November 10, 2000 and names M. Rigdon Lentz ("Lenz") as the sole inventor.

3

18. The Board accorded the '045 Application benefit of U.S. Patent Application Serial Nos. 09/699,003, filed October 26, 2000, 09/316,226, filed May 21, 1999, and 09/083,307, filed May 22, 1998.

19. Plaintiffs filed a motion for judgment in the Interference that claims 23-41 of the '045 Application were barred under 35 U.S.C. § 135(b) as not being made within one year of the grant of '708 Patent. The Board denied this motion. Plaintiffs are dissatisfied with the Board's erroneous decision.

20. Plaintiffs filed a motion for judgment in the Interference that claims 23-41 of the '045 Application were unpatentable as failing to comply with the written description requirement of 35 U.S.C. § 112. The Board denied this motion. Plaintiffs are dissatisfied with the Board's erroneous decision.

21. Plaintiffs sought to file a motion in the Interference for judgment that claims 23-41 of the '045 Application were unpatentable as failing to comply with the enablement requirement of 35 U.S.C. § 112. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

22. Plaintiffs sought to file a motion in the Interference for judgment that claims 23-41 of the '045 Application were unpatentable as failing to comply with the definiteness requirement of 35 U.S.C. § 112. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

23. Plaintiffs sought to file a motion in the Interference to redefine the scope of the count to be only claim 1 of the '708 Patent because claim 23 of the '045 Application was unpatentable to Lentz. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

24. Plaintiffs filed a motion in the Interference for judgment that claims 23-25, 27, 32-34, 36-39 and 41 of the '045 Application are unpatentable under 35 U.S.C. § 102(b) as anticipated by Japanese unexamined patent application H2-45064 ("JP H2-45064") and that claims 26, 35, 37 and 39-41 are unpatentable under 35 U.S.C. § 103(a) as obvious over JP H2-45-64. The Board denied this motion. Plaintiffs are dissatisfied with the Board's erroneous decision.

25. Plaintiffs filed a motion for judgment in the Interference that claims 23-41 of the '045 Application are not entitled to the benefit accorded with respect to the count based upon U.S. Patent Application Serial Nos. 09/699,003, filed October 26, 2000, and 09/316,226, filed May 21, 1999. The Board denied this motion. Plaintiffs are dissatisfied with the Board's erroneous decision.

26. Plaintiffs filed a motion for judgment in the Interference that claims 23-41 of the '045 Application are not entitled to the benefit accorded with respect to the count based upon U.S. Patent Application Serial No. 09/083,307, filed May 22, 1998. The Board denied this motion. Plaintiffs are dissatisfied with the Board's erroneous decision.

27. Plaintiffs filed a motion for judgment in the Interference in its favor based upon priority. The Board denied this motion. The Board subsequently entered judgment on priority against Plaintiffs. Plaintiffs are dissatisfied with the Board's erroneous decision and entry of judgment.

28. Plaintiffs sought to file a motion in the Interference seeking judgment that claims 23-41 of the '045 Application were unpatentable as they were derived from the inventors of the '708 Patent. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

29. Plaintiffs sought to file a motion in the Interference seeking judgment that claims 23-41 of the '045 Application were unpatentable as the wrong inventors were named. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

30. Plaintiffs sought to file a motion in the Interference to add U.S. Patent Application Serial No. 09/699,003 ("the '003 Application") to the Interference and have its claims added to the count. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

31. The Board ordered Biopheresis to immediately notify the Board if Biopheresis became aware that prosecution in the '003 Application was no longer suspended. The Board later found that Biopheresis did not comply with that order. Plaintiffs sought sanctions for Biopheresis' violation of the Board's order. The Board denied Plaintiffs' request to issue sanctions. Plaintiffs are dissatisfied with the Board's erroneous decision to not issue sanctions.

32. There are several currently pending U.S. Patent Applications that claim priority benefit of the '003 Application, including U.S. Patent Application Serial No. 11/153,524 ("the '524 Application"), filed on June 14, 2005, U.S. Patent Application Serial No. 11/929,340 ("the '340 Application"), filed October 30, 2007, and U.S. Patent Application Serial No. 11/929,540 ("the '540 Application"), filed on October 30, 2007.

33. Plaintiffs sought to file a motion in the Interference for additional discovery relating to an employee known as "Gary," a nurse employed by Lentz in his clinic in Nashville on or about November 12, 1999. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

34. Plaintiffs sought to compel the testimony of Jennifer Camp Lentz during the Interference. The Board denied Plaintiffs' motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not compel the testimony of Jennifer Camp Lentz.

35. Plaintiffs requested authorization during the Interference to move to attack claims 23-41 of the '045 Application on the basis of inequitable conduct. The Board did not authorize Plaintiffs to file this motion. Plaintiffs are dissatisfied with the Board's erroneous decision to not allow this motion.

36. Plaintiffs requested a rehearing of the Board's decision denying Plaintiffs' request to attack claims 23-41 of the '045 Application on the basis of inequitable conduct. The Board dismissed this request and denied the requested relief. Plaintiffs are dissatisfied with the Board's erroneous decision regarding a rehearing.

37. Plaintiffs requested a rehearing of the Board's decision denying Plaintiffs' request to file a motion to redefine the interfering subject matter by adding Application 09/699,003 as well as deny issuing sanctions against Biopheresis. The Board dismissed this request and denied the requested relief. Plaintiffs are dissatisfied with the Board's erroneous decision regarding a rehearing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. A judgment reversing the Board's denial of Plaintiffs' motion that claims 23-41 of the '045 Application were barred under 35 U.S.C. § 135(b) as not being made within one year of the grant of '708 Patent;

2. A judgment reversing the Board's denial of Plaintiffs' motion that claims 23-41 of the '045 Application were unpatentable as failing to comply with the written description requirement of 35 U.S.C. § 112;

3. A judgment that claims 23-41 of the '045 Application are unpatentable as failing to comply with the enablement requirement of 35 U.S.C. § 112, or a remand for the Board to consider such motion;

4. A judgment that claims 23-41 of the '045 Application are unpatentable as failing to comply with the definiteness requirement of 35 U.S.C. § 112, or a remand for the Board to consider such motion;

5. A judgment redefining the scope of the count to be only claim 1 of the '708 Patent because claim 23 of the '045 Application is unpatentable to Lentz, or a remand for the Board to consider such motion;

6. A judgment reversing the Board's denial of Plaintiffs' motion that claims 23-25, 27, 32-34, 36-39 and 41 of the '045 Application are unpatentable under 35 U.S.C. § 102(b) as anticipated by Japanese unexamined patent application H2-45064 ("JP H2-45064") and that claims 26, 35, 37 and 39-41 are unpatentable under 35 U.S.C. § 103(a) as obvious over JP H2-45-64;

7. A judgment that claims 23-41 of the '045 Application are unpatentable under 35 U.S.C. §§ 102, 103 and/or 112;

8. A judgment reversing the Board's denial of Plaintiffs' motion that claims the '045 Application are not entitled to the benefit accorded with respect to the count based upon U.S. Patent Application Serial Nos. 09/699,003, filed October 26, 2000, and 09/316,226, filed May 21, 1999;

9. A judgment reversing the Board's denial of Plaintiffs' motion that claims the '045 Application are not entitled to the benefit accorded with respect to the count based upon U.S. Patent Application Serial No. 09/083,307, filed May 22, 1998;

10. A judgment reversing the Board's denial of Plaintiffs' motion for judgment in Plaintiffs' favor based upon priority;

11. Entry of judgment based upon priority in favor of Plaintiffs and against Biopheresis;

12. A judgment that claims 23-41 of the '045 Application are unpatentable as they were derived from the inventors of the '708 Patent, or a remand for the Board to consider such motion;

13. A judgment that claims 23-41 of the '045 Application are unpatentable as the wrong inventors were named, or a remand for the Board to consider such motion;

14. A judgment adding the '003 Application to the Interference and having its claims added to the count, or a remand for the Board to consider such motion;

15. An order requiring Biopheresis to suspend prosecution in the '003 Application and all U.S. patent applications claiming priority thereto, including the '524 Application, the '340 Application and the '540 Application for the pendency of this action and any appeal thereof; and

16. Entry of sanctions against Biopheresis for violating the Board's order to immediately notify the Board if Biopheresis became aware that prosecution in the 09/699,003 application was no longer suspended, or a remand directing the Board to award appropriate sanctions;

17. Granting Plaintiffs additional discovery relating to an employee known as "Gary," a nurse employed by Lentz in his clinic in Nashville on or about November 12, 1999, or a remand directing the Board to permit such discovery;

18. Granting Plaintiffs discovery relating to the testimony of Jennifer Camp Lentz, or a remand directing the Board to permit such discovery;

19. A judgment that claims 23-41 of the '045 Application cannot be granted to Biopheresis on the basis of inequitable conduct, or a remand directing the Board to consider such motion;

20. A judgment awarding Plaintiffs their costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including a finding of an exceptional case, pursuant to 35 U.S.C. § 285, and otherwise according to law; and

21. Such other relief as the Court may deem just and equitable.

Respectfully submitted,

Dated: June 6, 2008  By:  /s/ Dane Jaques
Dane B. Jaques (D.C. Bar # 433684)
DOMBROFF GILMORE JAQUES & FRENCH, P.C.
1676 International Drive, Penthouse
McLean, VA 22102
Office: 703-336-8800
Fax:    703-336-8750

ATTORNEYS FOR PLAINTIFFS CYTOLOGIC AND COLORADO STATE UNIVERSITY RESEARCH FOUNDATION

<u>OF COUNSEL</u>:
Eric H. Chadwick
Brad D. Pedersen
Scott G. Ulbrich
PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government Plaintiff
2 U.S. Government Defendant
3 Federal Question (U.S. Government Not a Party)
4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)* OR F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multi district Litigation
- 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in complaint    **YES**    **NO**

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    **YES**    **NO**    If yes, please complete related case form.

**DATE**    **SIGNATURE OF ATTORNEY OF RECORD**    /s/ Dane B. Jaques

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.