IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CYTOLOGIC, INC., and<br>COLORADO STATE UNIVERSITY<br>RESEARCH FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>BIOPHERESIS GMBH, and<br>BIOPHERESIS TECHNOLOGIES, INC.,<br><br>    Defendants. | Civil Action No. 1:08-cv-00978-CKK |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BIOPHERESIS TECHNOLOGIES, INC. TO PLAINTIFFS' COMPLAINT UNDER 35 U.S.C. § 146**

Defendant Biopheresis Technologies, Inc. ("Biopheresis"), for its answer and affirmative defenses to Plaintiffs' Complaint in the above-styled action, states as follows:

**ANSWER**

1. This defendant admits that Plaintiffs purport to bring this action pursuant to 35 U.S.C. § 146 but denies that it appropriate to reverse or otherwise change any of the decisions or the ultimate Judgment of the Board of Patent Appeals and Interferences ("the Board") complained of by Plaintiffs and admits the remaining allegations contained in Paragraph 1.

2. On information and belief, the allegations of Paragraph 2 are admitted.

3. On information and belief, the allegations of Paragraph 3 are admitted.

US2000 11016071.1

4. This defendant admits the allegations contained in Paragraph 4.

5. Responding to Paragraph 5, this defendant admits that it is a Delaware corporation but denies that its principal place of business is in Apex, North Carolina as alleged.

6. This defendant admits that the statutes cited in Paragraph 6 confer subject matter jurisdiction.

7. This defendant denies the allegations contained in Paragraph 7.

8. This defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8.

9. This defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9.

10. This defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10.

11. This defendant admits the allegations of Paragraph 11.

12. On information and belief, this defendant admits the allegations contained in Paragraph 12.

13. This defendant admits that Biopheresis GmbH at the outset of the Interference proceedings was identified in a manner indicating that it was a real party in interest under the Interference rules with respect to the '045 Application, not "the" real party in interest as described in Paragraph 13, but shows that in fact that entity is not the owner of rights in the

'045 Application and is not a necessary or proper party for the adjudication of the issues raised in Plaintiffs' Complaint.

14. The allegations of Paragraph 14 are admitted.

15. The allegations contained in Paragraph 15 are admitted, except insofar as such paragraph defined the count in Interference as consisting of claim 23 of the '045 Application "and" claim 1 of the '708 Patent, because the Interference was defined as claim 23 of the '045 Application "or" claim 1 of the '708 Patent.

16. The allegations contained in Paragraph 16 are admitted.

17. The allegations contained in Paragraph 17 are admitted.

18. The allegations contained in Paragraph 18 are admitted. This defendant further avers that it filed a motion to correct the accorded benefit dates to include provisional application S/N 60/164,695, filed November 10, 1999, but because of the Board's priority judgment based on the originally accorded benefit dates, the Board did not consider this motion.

19. This defendant admits the allegations contained in first two sentences of Paragraph 19 and avers in response to the allegations with respect to Plaintiffs' dissatisfaction with the allegedly erroneous decision by the Board that the Board correctly determined the relationship of claims 23-41 to the originally filed claims, that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

20. This defendant admits the allegations contained in the first two sentences of Paragraph 20. With respect to Plaintiffs' dissatisfaction with the Board's denial of their motion, this defendant avers that the Board entered a well-reasoned decision based upon record evidence before it, that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

21. This defendant admits the allegations contained in the first two sentences of Paragraph 21. With respect to the allegations contained in the third sentence, the Board's decision not to allow the proposed motion was not clearly erroneous, but rather was within the sound discretion afforded to the Board regarding such motions.

22. This defendant admits the allegations contained in the first two sentences of Paragraph 22. With respect to the allegations contained in the third sentence, the Board's decision not to allow the proposed motion was not clearly erroneous, but rather was within the sound discretion afforded to the Board regarding such motions.

23. This defendant admits the allegations contained in the first two sentences of Paragraph 23. With respect to the allegations contained in the third sentence, the Board's decision not to allow the proposed motion was not clearly erroneous, but rather was within the sound discretion afforded to the Board regarding such motions.

24. This defendant admits the allegations contained in the first two sentences of Paragraph 24. With respect to the allegations contained in the third sentence, this defendant avers that the Board entered a well-reasoned decision based upon record evidence before it,

US2000 11016071.1

that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

25.     This defendant admits the allegations contained in the first two sentences of Paragraph 25. With respect to the allegations contained in the third sentence, this defendant avers that the Board entered a well-reasoned decision based upon record evidence before it, that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

26.     This defendant admits the allegations contained in the first two sentences of Paragraph 26. With respect to the allegations contained in the third sentence, this defendant avers that the Board entered a well-reasoned decision based upon record evidence before it, that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

27.     This defendant admits the allegations contained in the first three sentences of Paragraph 27. With respect to the allegations contained in the fourth sentence, this defendant avers that the Board entered a well-reasoned decision based upon record evidence before it, that its decision is entitled to a presumption of correctness and regularity, and that the evidence as a whole is insufficient to produce a clear conviction that the Board erred in its conclusions.

28.     This defendant denies the allegations of Paragraph 28.  Further responding to Paragraph 28, this defendant shows that Plaintiffs identified a proposed motion such as described in the first sentence of Paragraph 28 as a motion they intended to file in the "Howell List of Proposed Motions submitted pursuant to Part D of the Declaration of Interference and Rules 120 and 204 of the Board of Patent Appeals and Interferences."  The Board deferred consideration of the filing of such a motion until the Board established a schedule for proceeding with certain authorized motions in a preliminary phase of its deliberations, followed by motions addressing the priority issues in the case, for which specific motions were authorized and briefing allowed.  This defendant further shows that Plaintiffs thereafter never filed a motion seeking authorization to file a motion alleging derivation of the claims of the '045 Application from the inventors of the '708 Patent and in fact Plaintiffs subsequently represented to the Board that they no longer contended that the claims of the '045 Application were derived from the inventors of the '708 Patent.  Thus, Plaintiffs abandoned this proposed motion, and the Board never entered a decision refusing to allow such a motion.

29.     This defendant denies the allegations of Paragraph 29.  Further responding to Paragraph 29, this defendant shows that Plaintiffs identified such a proposed motion in the "Howell List of Proposed Motions submitted pursuant to Part D of the Declaration of Interference and Rules 120 and 204 of the Board of Patent Appeals and Interferences," but thereafter never filed a motion seeking authorization to file a motion seeking judgment that claims 23-41 of the '045 Application were unpatentable due to the identification of incorrect

inventors. Rather, the Plaintiffs advised the Board that they did not intend to pursue any claim that one or more of the inventors of the '706 Patent should be co-inventors with Lentz as to the involved claims of the '045 Application. Thus, the Plaintiffs abandoned this proposed motion and the Board never entered a decision refusing to allow such a motion.

30. This defendant admits the allegations contained in the first two sentences of Paragraph 30. With respect to the allegations contained in the third sentence, the Board's decision not to allow the proposed motion was not clearly erroneous but was within the sound discretion afforded to the Board regarding such motions.

31. This defendant admits the allegations contained in the first and second sentences of Paragraph 31. With respect to the events giving rise to non-compliance with the order, this defendant avers that the evidence presented to the Board demonstrated that the non-compliance was inadvertent and reflected no intent to willfully disobey the Board's order. This defendant admits the allegations contained in the third sentence of Paragraph 31. With respect to the allegations in the fourth and fifth sentences of Paragraph 31, this defendant shows that issues with respect to sanctions for violations of an order of the Board are uniquely committed to the discretion of the Board and that the Board's decision did not abuse such discretion by refusing to bring the '003 Application into the Interference as a sanction. Such ruling was made without prejudice to Plaintiffs' filing a renewed motion seeking another form of sanctions. However, Plaintiffs filed no further motion requesting an alternative sanction.

32. This defendant admits the allegations of Paragraph 32.

33. This defendant denies the allegations contained in Paragraph 33. Further responding to Paragraph 33, this defendant shows that, while Plaintiffs identified a proposed motion seeking discovery from "Gary" in their initial filing of proposed motions, they never thereafter sought permission at an appropriate stage in the Interference to file an actual motion to that effect. Plaintiffs' original listing of motions they intended to file indicated that the discovery that might be sought from "Gary" apparently would relate to proposed motions seeking a judgment in favor of Howell based on derivation and a proposed motion seeking judgment in favor of Howell contending that incorrect inventors were named on the Lentz application, both of which proposed motions Plaintiffs subsequently determined not to pursue and so advised the Board, thereby effectively making moot any issue with respect to the discovery sought from Gary, for which Plaintiffs made no further effort to request authorization to pursue discovery from "Gary" for any other purpose. Thus, the Board never refused to authorize the proposed discovery from "Gary," as alleged in Paragraph 33.

34. This defendant admits the allegations contained in the first two sentences of Paragraph 34. With respect to the allegations in the third sentence of Paragraph 34, this defendant avers that the Board did not abuse its discretion in deciding not to compel the testimony of Jennifer Camp Lentz on priority issues, without prejudice to Plaintiffs' renewing its motion for discovery as to alleged inequitable conduct, if and when such issues became ripe for consideration.

35. This defendant admits the allegations contained in the first two sentences of Paragraph 35. With respect to the allegations contained in the third sentence, this defendant

avers that the Board's decision was not erroneous and that the Board acted within its sound discretion and in accordance with its Rules 103 and 1(b).

36.  This defendant admits the allegations contained in the first two sentences of Paragraph 36.  With respect to the allegations contained in the third sentence, this defendant avers that the Board acted within its discretion in deciding whether to grant a rehearing of its decision denying Plaintiffs' request to attack claims 23-41 of the '045 Application on the basis of alleged inequitable conduct.

37.  This defendant admits the allegations contained in the first two sentences of Paragraph 37.  With respect to the allegations contained in the third sentence of that paragraph, this defendant avers that the Board's decision to deny Plaintiffs' request to file a motion to redefine the interfering subject matter was a decision committed to the sound discretion of the Board and that the Board did not abuse its discretion in denying the request to file such a motion, nor did it abuse its discretion in denying sanctions against Biopheresis as requested by Plaintiffs, and further did not abuse its discretion in denying a rehearing of its prior rulings adverse to Plaintiffs on these matters.

38.  Any allegation contained in the Plaintiffs' complaint not hereinabove expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

With respect to all of the rulings of the Board that were dependent upon the Board's consideration of the evidentiary record presented to it, such decisions are presumptively

correct and may not be overturned absent clear and convincing evidence that the Board's decision was erroneous.

## SECOND AFFIRMATIVE DEFENSE

With respect to decisions of the Board denying Plaintiffs the opportunity to file certain motions or to take certain discovery, the decision whether to grant or deny leave to file motions or leave to take discovery are decisions committed to the sound discretion of the Board and may not be overturned absent an abuse of discretion.

## THIRD AFFIRMATIVE DEFENSE

There has been a misjoinder of Biopheresis GmbH as a defendant in this action because Biopheresis GmbH was not an actual party to the Interference and is not a necessary party to this proceeding, wherein, as Plaintiffs allege, this defendant is the assignee and owner of all rights in the '045 Application.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs waived and abandoned before the Board any claims that claims 23-41 of the '045 Application were derived from the inventors of the '708 Patent or that the inventorship of such claims should be corrected, or that discovery from "Gary" relating to such issues was needed, and are now estopped from reasserting any such claims in this proceeding.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to file a renewed motion for sanctions other than bringing the claims of the '003 Application into the Interference, notwithstanding the Board's indication that its denial of that sanction was without prejudice to Plaintiffs' filing such a renewed motion.

Accordingly, Plaintiffs are now estopped from seeking alternative sanctions in this proceeding.

WHEREFORE, having fully answered, this defendant prays that Plaintiffs' complaint be dismissed with prejudice; that Plaintiffs therefore be denied each and every item of relief requested in Plaintiffs' prayer for relief; and that all costs of this proceeding be taxed against Plaintiffs; and, further, that this defendant be awarded its attorneys' fees incurred in defending this action, with interest, including a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

Respectfully submitted this 4th day of September, 2008.

        /s/ Stephen E. Baskin
Stephen E. Baskin, D.C. Bar No. 456015
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: 202 508 5800
Facsimile: 202 508 5858

Of Counsel:

Susan A. Cahoon
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: 404 815 6500
Facsimile: 404 815 6555

Patrea L. Pabst
PABST PATENT GROUP LLP
400 Colony Square, Suite 1200
1201 Peachtree Street
Atlanta, GA 30361
Telephone: 404 879 2151

Facsimile: 404 879 2160

                                ATTORNEYS FOR DEFENDANT
                                BIOPHERESIS TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I electronically filed the foregoing

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT/ BIOPHERESIS TECHNOLOGIES, INC. TO PLAINTIFFS' COMPLAINT UNDER 35 U.S.C. § 146**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

>Dane B. Jaques
>Dombroff Gilmore Jaques & French, P.C.
>1676 International Drive, Penthouse
>McLean, VA 22102

>　　　/s/ Stephen E. Baskin　　　
>Stephen E. Baskin, D.C. Bar No. 456015
>KILPATRICK STOCKTON LLP
>607 14th Street, NW, Suite 900
>Washington, DC 20005-2018
>Telephone: 202 508 5800
>Facsimile: 202 508 5858
>
>Attorneys for Defendant Biopheresis Technologies, Inc.